UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19 CR 1023 HEA |
| GABRIEL TREVINO, | ) ) ) ) |
| Defendant. | ) |

### GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1.  PARTIES:**

The parties are the defendant GABRIEL TREVINO, represented by defense counsel Bevy Beimdiek, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2.  GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts I and II of the charge, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's production of child pornography between November 11, 2019, and November 18, 2019, of which the Government is aware at this time.

1

In addition, the parties agree that the U. S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree to recommend to the Court that it sentence defendant to fifteen years imprisonment.

The defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to:

a. Toshiba laptop computer (S/N/: 1J075409H);

b. PNY 8 GB microSD card;

c. Panasonic 256 MB SD card;

d. SanDisk 32 GB SD card;

e. Centon 1GB thumbdrive;

f. micro SD/USB reader;

g. PNY micro SD adapter;

e. DigiPower multi card reader;

f. PhotoFrame HD Surveillance camera and power cord;

g. SandDisk 256 MB SD card;

h. LG Stylo 4 plus cell phone, IMEI: 358583091673148.

The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3. **ELEMENTS:**

As to Count I, the defendant admits to knowingly violating Title 18, United States Code, Section 2251(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime Production of Child Pornography are: (1) defendant knowingly used a minor to engage in sexually explicit conduct, (2) for the purpose of producing a visual depiction of such conduct, and (3) said visual depiction was produced using materials that have been transported in interstate or foreign commerce.

As to Count Two, the defendant admits to knowingly violating Title 18, United States Code, Section 2251(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime Attempted Production of Child Pornography are: (1) defendant knowingly attempted to use a minor to engage in sexually explicit conduct, (2) for the purpose of producing a visual depiction of such conduct, and (3) said visual depiction was produced using materials that have been transported in interstate or foreign commerce.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

A.R. was in a relationship with defendant. Starting on November 11, 2019, defendant stayed at A.R's residence, which is located in the Eastern District of Missouri. Soon thereafter, A.R. noticed a picture frame in the children's bathroom. When she saw the picture frame, she moved it and placed in alongside a wall in the bathroom. Later that same day, she noticed the picture frame back in its original position in the bathroom. She then more closely inspected the picture frame. She noticed a red light emitting from the side of the frame. A.R. started to take the

3

frame apart and found a hidden camera and found that it had an micro SD card in a slot located inside the picture frame.

A.R. confronted defendant about the picture frame. Defendant admitted that the picture frame was his but said he was not aware of the hidden camera. After defendant left for work, A.R. took the picture frame to a computer store. She and an employee at the computer store looked at the contents of the micro SD card from the picture frame. They observed over 300 video files on the micro SD card. When they looked at the contents of the some of the videos they saw A.R.'s children, Victims 1, 2 and 3, naked. Victim 1 is a minor female who is thirteen years' old; Victim 2 is a prepubescent minor male who is 10 years' old; and Victim 3 is a prepubescent minor who is five years' old. A.R. said that some of the videos depicted her children's vaginas and penis. A.R. also observed videos of what appeared to be people changing clothes in a dressing room.

On November 18, 2019, A.R contacted the police and Sgt. Adam Kavanaugh of the St. Louis County Police Department. A.R. told Sgt. Kavanaugh what she found. She then gave the picture frame and microSD card to Sgt. Kavanaugh, who seized the items without examining the contents of the microSD card. A.R. told Sgt. Kavanaugh where defendant could be located.

Sgt. Kavanaugh and Detective Halliday, also the St. Louis County Police Department, went to defendant's place of employment. There they met with defendant. Sgt. Kavanaugh informed defendant of his Miranda rights. Defendant agreed to talk with the officers.

Defendant said the he bought the picture frame at a local thrift shop about a month earlier. He said he took it to A.R.'s residence on November 11, 2019. He said he placed it on the floor of one of the bathrooms.

Defendant said that he was unaware that the picture frame contained a hidden camera and microSD card when he purchased it. Sgt. Kavanaugh showed defendant the picture frame and defendant admitted it was his.

Sgt. Kavanaugh told defendant what A.R. had found when she search the contents of the microSD card. Defendant then admitted that he placed the picture frame in the bathroom. He said he was attempting to video A.R. in the bathroom but admitted that the Victims 1, 2, and 3 used the bathroom to shower and go to the bathroom. He also was aware that A.R. only used that bathroom occasionally as she used another in the residence. Defendant said he was aware that by placing the photo frame in the bathroom he would be recording the Victim 1, 2, and 3.

During the interview, defendant also consented to the search and seizure of his LG cell phone. Sgt. Kavanaugh manually viewed the contents of the phone and found videos of defendant following behind women in stores and video their buttocks outside their clothing.

Defendant was taken into custody and transported to his residence in Washington, Missouri. Defendant gave the officers permission to search his residence. With defendant's consent, officers seized a Toshiba Laptop computer, PNY SD card, Panasonic SD card, SanDisk SD card, Centon thumb drive, micro SD/USB reader, PNY microSD adapter, Digipower multi card reader.

Defendant was then conveyed to the Washington Police Department and interviewed again. During the recorded interview, defendant admitted that there would be hidden camera videos on his computer. He said that they were taken with the picture frame at a thrift store. He admitted that he had lied earlier about where he bought the picture frame from. He said he actually purchased it online. He said that he hid put the picture frame in dressing rooms to video

5

record people changing clothes. He would pick it up at the end of the day, copy the videos from to his computer, and replace the frame to continue to record people changing their clothes.

SA Greg Marx of the FBI examined the seized evidence. He found that the picture frame was a PhotoFrame HD Surveillance Camera, and the mircoSD card contained in it was a SanDisk microSD card. SA Marx examined the contents of the SanDisk micro SD card and found it contained images of Victim 1 in a lascivious exhibition of her genitals. SA Marx also found videos of Victim 2 and Victim 3 naked. The PhotoFrame HD Surveillance Camera and the SanDisk microSD card were manufactured outside the state of Missouri and traveled in interstate and foreign commerce.

There were multiple videos made on different days of Victim 1, 2, and 3 between November 11, 2019, and November 18, 2019, in which Victim 1 was in a lascivious display of her genitals and Victims 2, and 3 were naked and defendant recorded Victims 2 and 3 naked in an attempt to record them in a lascivious display of their genitals.

The defendant understands that the internet is a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The defendant also understands that the internet is a means and facility of interstate and foreign commerce.

5. **STATUTORY PENALTIES:**

As to Counts I and II, the defendant fully understands that the maximum possible penalty provided by law for the crime of Production of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than thirty years for each count, a fine of not more than $250,000 for each count, or both such imprisonment and fine. The Court must also impose a period of supervised release of life and not less than five years. **The defendant fully**

**understands that the charge of Production of Child Pornography to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least fifteen years.**

The defendant understands that the Court may impose concurrent sentences (sentences that run at the same time) or consecutive sentences (sentences that run one after the other).

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other assessments, the Court may impose an assessment for each count of no more than:

> . . .
> (3)   $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under:
>   i.   18 U.S.C. § 2251(a) through (c) (production of child pornography). . . .

**6.    U. S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

> (1)   **Production of Child Pornography for Count I:**
>
>> (a)   **Base Offense Level**: The parties recommend that the base offense level is thirty-two (32) as found in Section 2G2.1(a).
>>
>> (b)   **Chapter 2 Specific Offense Characteristics**: The parties recommend that the following Specific Offense Characteristics apply:

7

    (i) two (2) levels should be added pursuant to Section 2G2.1(b)(1)(B), because the offense involved a minor who had "attained the age of twelve years but not attained the age of sixteen years."

 **(2)** **Attempted Production of Child Pornography for Count II:**

  (a) **Base Offense Level**: Pursuant to 2G2.2(c)(1), the parties recommend that the base offense level is thirty-two (32) as found in Section 2G2.1(a).

  (b) **Chapter 2 Specific Offense Characteristics**: The parties recommend that the following Specific Offense Characteristics apply:

    (i) four (4) levels should be added pursuant to Section 2G2.1(b)(1)(A), because the offense involved minors who had "not attained the age of twelve years."

**(3)** **Chapter 3 Adjustments**: The parties recommend that the following adjustments, other than acceptance of responsibility, apply:

(1) The offense level is thirty-four (34) for Count I.

(2) The offense level is thirty-six (36) for Count II.

(3) Pursuant to Section 3D1.2(d), the counts do not Group.

(4) Pursuant to Section 3D1.4(a) (Determining the Combined Offense level), one (1) unit should be added because the offense level in Count II constitutes the highest offense level.

    (5)    An additional one (1) unit should be added to Count II because Count II involved two victims. *See* 2G2.1(d)(1).

    (4)    Pursuant to Section 3D1.4(a) (Determining the Combined Offense level), one (1) unit should be added for Count I because the offense level is equally as serious as the offense in Count II, of from 1 to 4 levels less serious.

    (5)    Pursuant to Section 3D1.4 (Determining the Combined Offense Level), three (3) levels should be added because the total number of units is 3. This places the offense level, after application of Section 3D1.4, at thirty-nine (39).

c.    **Repeat and Dangerous Sex Offender Against Minors:** The parties recommend that five (5) levels should be added pursuant to Section 4B1.5(b)(a) because "defendant's instant offense of conviction is a covered crime . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct. . . ."

First, defendant's instant offense of conviction (Production of Child Pornography) is a covered crime because it was perpetrated against a minor under Chapter 110 of title 18, United States Code.

Second, defendant engaged in a "pattern of sexual activity involving prohibited sexual conduct" because "on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor."

Therefore, the offense level, after the application of Section 4B1.5(b)(1), at forty-four (44).

9

      d.    **Other Chapter 3 Adjustments:**

          **(1)**    **Acceptance of Responsibility**: The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant that it believes are inconsistent with defendant's eligibility for this deduction, the government may assert that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1.

      e.    **Estimated Total Offense Level**: The parties estimate that the Total Offense Level is forty-one (41). The parties, however, recommend to the Court that it sentence the defendant to fifteen years' imprisonment.

**The defendant fully understands that the crime charged to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least fifteen years.**

      d.    **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

7.    **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

      **a.**    **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

      **(1)**    **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

      **(2)**    **Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant to fifteen years' imprisonment, the parties hereby waive all rights to appeal all sentencing issues.

      **b.**    **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

      **c.**    **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**    **OTHER:**

      **a.**    **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office

11

prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

    b.    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

    c.    **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

    d.    **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count

for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before October 1, 2019, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under –

. . .

(3) Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child pornography) and 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography)). . . .

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

e. **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to

all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty.

      g.    **Forfeiture:** The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the following:

      a.    Toshiba laptop computer (S/N/: 1J075409H);

      b.    PNY 8 GB microSD card;

      c.    Panasonic 256 MB SD card;

      d.    SanDisk 32 GB SD card;

      e.    Centon 1GB thumbdrive;

      f.    micro SD/USB reader;

      g.    PNY micro SD adapter;

      e.    DigiPower multi card reader;

      f.    PhotoFrame HD Surveillance camera and power cord;

      g.    SandDisk 256 MB SD card;

      h.    LG Stylo 4 plus cell phone, IMEI: 358583091673148.

The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any

14

forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument. Include the next paragraph in all cases whether or not there is a forfeiture allegation: The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial

will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case

and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10.     **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11.     **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12.     **NO RIGHT TO WITHDRAW GUILTY PLEA:**

17

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

9-30-2020
Date

ROBERT F. LIVERGOOD, 35432MO
Assistant United States Attorney

9-23-2020
Date

GABRIEL TREVINO
Defendant

9/30/2020
Date

BEVY BEIMDIEK
Attorney for Defendant

18